**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                        **4:17-CR-00147-02-JM**

**IRENE BARRERA**

<u>**ORDER**</u>

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc.
No. 673) is DENIED.

**I.      BACKGROUND**

On April 5, 2018, Defendant pled guilty to conspiracy to possess with intent to distribute
methamphetamine.[1]  On September 24, 2018, she was sentenced to 225 months in prison.[2]

**II.      DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit
less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that
release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, she must
first make the request with the Bureau of Prisons and exhaust her administrative remedies there.[4]

---

[1]Doc. Nos. 330, 331.

[2]Doc. Nos. 434, 436.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the
offense, afford adequate deterrence, protect the public, and provide the defendant with
appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark.
May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has provided neither argument nor evidence that she has requested relief from the warden and exhausted her administrative remedies.  Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of her motion, Defendant asserts that she has asthma, PTSD, anxiety, and obesity, which put her a higher risk of suffering from COVID-19.  In fact, she claims that she has already contracted COVID-19. First, asthma, PTSD, anxiety, and obesity are not "extraordinary and compelling" reasons to support Defendant's release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health conditions are not listed.  Defendant has not shown that her health conditions are severe enough to prevent her from independently functioning within the prison.  In fact, her health conditions were not severe enough to prevent her from using marijuana and methamphetamine on a regular basis.  She also has provided neither argument nor evidence that her health conditions are unable to be controlled with medication. Notably, she also provided no argument or evidence that her case of COVID-19 was debilitating or unable to be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]

---

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Third, Defendant is 53 years old and has served about 25% of her sentence, which means she does not meet the age and minimum served-time requirements under the Guidelines.  Finally, her argument about being responsible for more methamphetamine than she actually possessed is not a relevant factor in a compassionate release motion, and the argument was waived by her guilty plea.

Even if Defendant could establish extraordinary and compelling reasons, her request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.  Defendant has five prior convictions, two of which involve methamphetamine, which is the same behavior as the instant offense.  In fact, Defendant committed the instant offense while on supervision for the prior drug convictions.

The severity of the instant offense must also be considered.  Defendant was the leader of a large-scale drug-trafficking conspiracy that involved transporting large quantities of methamphetamine from California and Texas to Arkansas for several years.  When she was arrested on December 30, 2016, Defendant possessed five ounces of methamphetamine, marijuana, pills, and a digital scale.  She admitted to officers that she had been purchasing fourteen pounds of methamphetamine per weeks for an unspecified period of time.  These purchases were from just one of her three sources.  Ultimately, Defendant admitted that she was responsible for between five and fifteen kilograms of methamphetamine.

**CONCLUSION**

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 673) is

DENIED.

IT IS SO ORDERED, this 14th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE