IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:17-CR-00147-02-JM

IRENE BARRERA

### ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 719) is DENIED.

Applying retroactive Guidelines Amendment 821 reduces Defendant's criminal history score from 6 to 4. However, her criminal history category remains III and her guideline range is unchanged.[1]

Additionally, Defendant's plea agreement provides that she "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into her plea agreement, including this waiver, she is not entitled to relief.[3]

IT IS SO ORDERED this 23rd day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10(a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 331.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).